STEPHEN O. COON v. JOHN LEVI HENRY AND WILLIAM SWEET.

*Creditor's bill—Fraudulent conveyance to avoid creditor.*

A judgment creditor's bill was sustained where the evidence showed that the debtor, who was son-in-law to the other defendant, was able to pay his debt but determined not to pay the judgment, expressed the purpose to put the land in his father-in-law's hands to prevent its collection, and after the conveyance gave a witness to understand that had been the object; and farther tended to show that the father-in-law aided this course with knowledge of its design.

Appeal from St. Clair. Submitted June 23. Decided October 11.

CREDITOR'S BILL. Complainant appeals. Reversed: decree entered.

*A. R. Avery* and *Levi L. Wixson* for complainant.

*S. W. Vance* and *O'Brien J. Atkinson* for defendants.

COOLEY, J. This is a judgment creditor's bill, the object of which is to reach certain lands which it is alleged Henry, the judgment debtor, conveyed to Sweet, the other defendant, without consideration and with the purpose to defraud the complainant.

Only questions of fact are involved. The existence of the debt, the ownership of the land by Henry, and the conveyance to Sweet shortly before judgment was obtained are admitted. The evidence on both sides shows that Henry must have been entirely able to pay the debt if so disposed, and he claims to have had personal property from which the officers might have collected it. There is evidence, however, which is convincing to us that he determined not to pay the judgment, and his dealings with his property are consequently subject to some suspicion. The important question is whether Sweet was privy to this purpose, and has been assistant in it.

Sweet is father-in-law to Henry. There is evidence that Henry expressed the purpose to put the land in his hands to prevent the collection of this debt, and that after the conveyance he gave a witness to understand that had been the object. Henry denies this, but not to our satisfaction. There is also evidence that Sweet said he would do all he could to prevent the claim being paid. This he denies, but says he expressed a purpose to assist Henry in getting out of debt. In the same connection he denies having known of this debt when he took the conveyance, denies having known of the execution when it was out, denies having ever talked with Henry about this judgment, and affirms his belief that Henry had sufficient personal property liable to execution to satisfy it. He makes showing of an apparent paying for the land, but it is as easy to do that when the purpose is not *bona fide* as when it is.

A careful reading of the evidence does not impress us that this transaction is one that the law can sanction. We think the complainant made out a *prima facie* case, which the defendants have not satisfactorily met. An analysis of the voluminous and conflicting evidence can answer no good purpose, and we content ourselves with directing that the decree appealed from be reversed, and decree entered in this court for the complainant with costs.

The other Justices concurred.